IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TEVIN DERAY ROBINSON                                                                                     PLAINTIFF

v.                                         Civil No. 4:21-cv-04024

OFFICER YEELEY;
OFFICER ELLIS; and
CORPORAL POOLE                                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed *pro* se by Plaintiff, Tevin Deray Robinson, under 42 U.S.C. § 1983. Before the Court is a Motion for Summary Judgment filed by Defendants Officer Yeeley, Officer Ellis, and Corporal Poole. (ECF No. 42). Plaintiff filed a Response (ECF No. 48), and Defendants filed a Reply (ECF No. 49). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. FACTUAL BACKROUND

Plaintiff is currently incarcerated in the Arkansas Department of Corrections, Randall L. Williams Correctional Facility. His claims in this action arise from his incarceration at the Miller County Detention Center ("MCDC") in January 2021. The parties have vastly different factual renditions in this matter. The only undisputed facts are: (1) at all times relevant to the instant lawsuit, Defendants were officers at the MCDC, and Plaintiff was a pretrial detainee at the MCDC; (2) Plaintiff was housed in Max C Pod, and this is the location of the incident on January 11, 2021; (3) Plaintiff was pepper sprayed by Defendant Yeeley; (3) Defendant Yeeley and Plaintiff had a physical altercation; (4) Defendant Yeeley, Defendant Ellis, and non-party Officer Rodgers restrained Plaintiff on the ground; (5) Plaintiff was decontaminated and placed in lock down after

1

this incident; and (6) Plaintiff did not file a complaint or grievance against Defendants Yeeley, Ellis, or Poole, regarding the January 11, 2021 incident through the MCDC grievance procedure . (ECF No. 44, pp. 1-3; ECF No. 48, pp. 1-3). Finally, the only relevant complaint/grievance was filed by Plaintiff on January 13, 2012:

> Plaintiff's Request:
>
> I WAS PEPPER SPRAYED AND JUUMED ON BY FEW OFFICERS AND OFFICER ELLIS WAS ABOUT TO TAKE ME TO MEDICAL AND WHEN HE CALLED DOWN TO THE INFIRMARY FOR ME TO BE SSEN . . . KING [SPECIFICALLY] ASKED IS IT THE GUY IN . . . ELLIS SAID YEAH . . . AND HE REFUSED TO SEE ME AND PUT ME BAC[K] IN MY CELL . . . THIS IS AGAINST MY CONSTITUTIONAL RIGHTS AND I ASKED CAN THIS PROBLEM BE FIXED SO NO FURTHER ACTIONS SHALL BE TAKEN . . . THANK YOU . . . MAY GOD BLESS.
>
> Response by Admin G. Officer on January 13, 2021:
>
> We take allegations such as the one you have made very seriously. WE also want to assure you that if necessary, appropriate measures will be taken to address your concerns.

(ECF No. 42-3, p. 37).

## II. PROCEDURAL BACKGROUND

Plaintiff filed his Amended Complaint on July 2, 2021. (ECF No. 14). In this Complaint, Plaintiff claims his constitutional rights were violated when Defendants, Officer Yeeley, Officer Ellis, and Corporal Poole exhibited excessive force and cruel and unusual punishment against him during an incident on January 11, 2021. (ECF No. 14, p. 4). Specifically, Plaintiff claims he was pepper sprayed and choked for no reason. Plaintiff also claims he did not resist during this incident. *Id*. at p. 4. Plaintiff also claims he was subjected to cruel and unusual punishment when Defendants jumped on him for no reason and choked him until he almost passed out. Further, Plaintiff claims Defendants bent his arm "almost out of socket" to cuff him. *Id.* at 5.

Defendants filed their Motion for Summary Judgment, Brief in Support of Motion for

Summary Judgment, and Statement of Facts on September 30, 2022. (ECF Nos. 42, 43, 44). Defendants argue Plaintiff's claims should be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies; or alternatively: (1) Plaintiff's claim for excessive force fails as a matter of law because the Defendants' actions were reasonable; and (2) Defendants are entitled to qualified immunity. (ECF No. 43). Defendants allege their actions were reasonable to restore order because Plaintiff directly defied Defendant Yeeley's order to return to the pod, resisted cuffing, and resisted restraint. *Id.*

Plaintiff filed his Response to Defendants' Motion for Summary Judgment on November 8, 2022. Plaintiff argues Defendants' asserted facts are incorrect, however, the Court does not find it necessary to enumerate all of the disputed facts in this matter. The pertinent point of Plaintiff's response is that he does not dispute the fact he failed to exhaust his administrative remedies through the MCDC grievance procedure. (ECF No. 49).

Defendants filed their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment on November 16, 2022. Defendants argue Plaintiff did not meet proof with proof as he did not cite any evidence on the record, nor produce any evidence to support his claims. (ECF No. 49).

### III. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine

3

issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## IV.  DISCUSSION

Defendants first argue Plaintiff's claim is barred because he failed to properly exhaust his administrative remedies prior to bringing the instant lawsuit.  Plaintiff did not dispute this argument or present any evidence he did exhaust his administrative remedies related to his claims.

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S. C. § 1997e(a) (held unconstitutional on other grounds).  Exhaustion is mandatory.  *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not

4

named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit has recognized two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures; or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (citing *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (explaining a prisoner is only required to exhaust those administrative remedies that are available and any remedies that prison officials prevent a prisoner from utilizing are not considered available)).

There is no dispute that the MCDC has a grievance procedure, nor to the elements of that procedure. In this procedure, inmates are required to lodge complaints on the KIOSK system in the MCDC. If they are unsatisfied with the resolution of their complaint, they may then submit a grievance on a Request for Administrative Remedy Form, Jail Form 09.01A. A grievance may only be filed after a complaint is filed through the KIOSK system. Inmates may also appeal their grievance results to the jail warden if they are unsatisfied with the results. (ECF No. 42-2, pp. 4-5). Additionally in a grievance, an inmate is only to submit specific facts and circumstances directly relating to the complaint; state one issue per form; state the remedy which he seeks; and state if the original complaint was addressed. *Id*. at 6.

As previously stated, the only complaint or grievance filed by Plaintiff regarding the incident at issue was filed on January 13, 2021. It reads:

5

> I WAS PEPPER SPRAYED AND JUUMED ON BY FEW OFFICERS AND OFFICER ELLIS WAS ABOUT TO TAKE ME TO MEDICAL AND WHEN HE CALLED DOWN TO THE INFIRMARY FOR ME TO BE SSEN . . . KING [SPECIFICALLY] ASKED IS IT THE GUY IN . . . ELLIS SAID YEAH . . . AND HE REFUSED TO SEE ME AND PUT ME BAC[K] IN MY CELL . . . THIS IS AGAINST MY CONSTIUTIONAL RIGHTS AND I ASKED CAN THIS PROBLEM BE FIXED SO NO FURTHER ACTIONS SHALL BE TAKEN . . . THANK YOU . . . MAY GOD BLESS.

(ECF No. 42-3, p. 37). In this complaint, Plaintiff is complaining about Nurse King denying him medical care. There is no such legal claim made in this matter, and Nurse King is not a named Defendant. Nowhere in this complaint, or any other complaints or grievances on the record, does Plaintiff complain of Defendants Yeeley, Ellis, or Poole's actions on January 11, 2021 in Max C Pod. Furthermore, Plaintiff did not respond to Defendants' Motion with any allegations of a complaint or grievance on the matter or produce any complaints or grievances for the Court's consideration. Accordingly, Plaintiff failed to exhaust his claims through the MCDC grievance process, thus, his claim must fail pursuant to Section 1997e(a).

## V. CONCLUSION

For the reasons stated above, I recommend Defendants' Motion for Summary Judgment (ECF No. 42) be **GRANTED** and all claims against Defendants Officer Yeeley, Officer Ellis, and Corporal Poole all be **DISMISSED WITHOUT PREJUDICE** due to failure to exhaust administrative remedies.[1]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[1] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010).

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   **DATED this 23rdday of March 2023.**

                   /s/ *Barry A. Bryant*
                   HON. BARRY A. BRYANT
                   UNITED STATES MAGISTRATE JUDGE